UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CALVIN ELLIS MANCE,<br><br>Plaintiff,<br><br>v.<br><br>AUTOZONERS LLC,<br><br>Defendant. | Case No. 3:25-CV-605-CCB-SJF |

**OPINION AND ORDER**

Before the Court are four motions: Defendant AutoZoners LLC's ("AutoZone") Motion to Dismiss for Failure to State a Claim, (ECF 26), Plaintiff Calvin Ellis Mance's Motion to Vacate Order of Dismissal and Consolidate Amended Jurisdictional Dockets of Complaints, (ECF 28), Mr. Mance's Motion to Consolidate Cases, (ECF 30), and Mr. Mance's Motion for Summary Judgment, (ECF 34). AutoZone opposes Mr. Mance's motions, and Mr. Mance opposes AutoZone's motion to dismiss. Though Mr. Mance's motions to vacate and consolidate were filed later in time, they have the potential to moot AutoZone's motion to dismiss, so the Court begins with them.

## I. MR. MANCE'S MOTIONS TO VACATE AND CONSOLIDATE

In Mr. Mance's motion to vacate and consolidate, he first seeks vacatur of the Court's May 19, 2026, Order dismissing his original complaint, (ECF 19). But in that order, the Court gave Mr. Mance leave to amend his complaint by June 9, 2026. Mr. Mance took advantage of this by filing an amended complaint on May 27, 2026. (ECF 25). Thus, this request is denied as moot.

Mr. Mance next seeks leave to file a third amended complaint. In support, he argues that permitting a third amended complaint would "comprehensively resolve all prior clerical defects, clear up regional confusion, and prevent the severe fragmentation of claims across related dockets." (ECF 28 at 2). But this explanation does not hold up. First, it is not clear what "clerical defects" Mr. Mance is referring to. His previous complaint was dismissed because Mr. Mance failed to state a claim upon which relief may be granted, not due to "formatting inconsistencies, division tracking, and clerical errors" as he suggests in this motion. (ECF 28 at 1). Second, any "regional confusion" or "severe fragmentation" are likely due to Mr. Mance, by his own admission, filing duplicative lawsuits before this Court. *See* Mr. Mance's Motion for Consolidation, *Mance v. AutoZone*, 3:24-CV-932, ECF 9 (N.D. Ind. 2024) (explaining that he has filed two "parallel actions" that "involve identical underlying parties, arise from the exact same common nucleus of operative fact, and assert identical legal elements regarding employment retaliation and common-law defamation per se against Autozoners, LLC").

In addition to curing unspecified "clerical defects," Mr. Mance asserts that this proposed third amended complaint would "merg[e] the patterns of harassment, trespass, retaliation, and defamation across all associated case files into a single, cohesive civil action." (ECF 28 at 2). Based on the content of the proposed third amended complaint, the "associated case files" he refers to appear to consist of this case

and the related case of *Mance v. AutoZone*, 3:24-CV-932 (N.D. Ind. 2024) ("the '932 Action").[1]

A review of the docket in the '932 Action does not support Mr. Mance's request. First, there are no "patterns of harassment, trespass, retaliation, and defamation" present in the '932 Action to "merg[e]." As the Court observed when dismissing the complaint in that case, Mr. Mance's allegations "were so difficult to follow that the Court cannot discern whether there are sufficient facts to state any claim above the speculative level." *Mance v. Autozone*, 3:24-CV-932, at ECF 3 (N.D. Ind. 2024). Second, the '932 Action has been closed for nearly a year, and the Court recently denied Mr. Mance's late-breaking request to reopen it. *Id.* at ECF 4, ECF 10. And third, Mr. Mance supported his attempt to reopen the '932 Action with the assertion that the '932 Action was identical to this case.[2] So in essence, Mr. Mance wishes to revive the long-closed '932 Action and fold it into this case, but acknowledges that any claims or allegations at issue in the '932 Action are identical to those in this case. This request makes no sense. Accordingly, it is denied.

Mr. Mance's motion to consolidate, (ECF 30), confirms that the '932 Action and this case are duplicative. Beyond that, he merely repeats the arguments for

---

[1] Mr. Mance's proposed "third" amended complaint would be the second amended complaint in this action. Mr. Mance seems to refer to this as the "third" amended complaint because he is counting the complaint filed in the '932 Action.

[2] As the Court noted in its order in the '932 Action, Mr. Mance is taken at his word that the claims at the core of the '932 Action are identical to those in this case, because the underlying complaint in the '932 Action is incoherent. *See* Opinion and Order, *Mance v. Autozone*, 3:24-CV-932, ECF 3 at 2 n.2 (N.D. Ind. 2024).

consolidation that he made in his motion to vacate and consolidate. Accordingly, this motion is denied for the same reasons discussed above.

In these motions, Mr. Mance seeks three distinct forms of relief. First, he seeks vacatur of the Court's order dismissing his initial complaint without prejudice. This request is denied as moot. Second, he seeks consolidation of this case with the '932 Action, and third, he seeks permission to file a third amended complaint. These last two requests, though intertwined in Mr. Mance's motions, seek different forms of relief. Thus, the Court will treat them separately.

Consolidation is a decision left to the sound discretion of the trial court. *Canedy v. Boardman*, 16 F.3d 183, 185 (7th Cir. 1994); *see also* Fed. R. Civ. P. 42(a). As discussed above, the Court has exercised its discretion to determine that consolidation is inappropriate here.

When it comes to permitting amendment of complaints, the rule is different. The Federal Rules require this Court to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). But though the standard the Court must apply differs, the result is the same for Mr. Mance. He makes only two arguments in support of amendment. First, there is the streamlining argument discussed above. This bears on judicial economy rather than the requirements of justice and thus is not relevant here. Second, there is the argument that a third amended complaint would permit Mr. Mance to merge the "patterns of harassment, trespass, retaliation, and defamation" contained in the '932 Action with this case and thus "preserve" those claims. But again, Mr. Mance acknowledges that the '932 Action contains nothing that is not already present in this

case. Accordingly, Mr. Mance has failed to show that "justice . . . requires" he be granted leave to amend his complaint.

## II. AUTOZONE'S MOTION TO DISMISS

Because Mr. Mance has been denied permission to file a third amended complaint, the amended complaint AutoZone has moved to dismiss is still operative. Before the Court turns to AutoZone's motion, it will be helpful to briefly discuss Mr. Mance's amended complaint. (ECF 25). Mr. Mance's original complaint named AutoZone and Tracy Kern as defendants, and raised claims of defamation, hostile work environment, retaliation, and intentional infliction of emotional distress. (ECF 1). Mr. Mance's amended complaint is much reduced in scope, naming only AutoZone as a defendant and raising only a defamation claim. (ECF 25). Mr. Mance's amended complaint supersedes his previous complaint and "wipes [it] away." *Chasensky v. Walker*, 740 F.3d 1088, 1094 (7th Cir. 2014). Thus, only AutoZone remains a defendant and the only claim against AutoZone is defamation.

In its motion to dismiss, AutoZone contends that Mr. Mance has failed to state a defamation claim because he has failed to allege facts showing a plausible possibility of overcoming the qualified privilege that applies to AutoZone's company communications. This is the same argument AutoZone made in its motion to dismiss Mr. Mance's initial complaint. In its opinion and order granting that motion and dismissing Mr. Mance's initial complaint, the Court agreed with this argument, noting that "Mr. Mance does not successfully allege bad faith, malice, disregard for the truth, or any other condition that might overcome the qualified privilege." (ECF 24 at 7).

In his response to AutoZone's motion to dismiss, Mr. Mance primarily repeats the arguments he made in response to AutoZone's last motion to dismiss.[3] Just as he previously argued, he contends that actual malice may overcome the qualified privilege and he sufficiently alleged facts supporting actual malice. But Mr. Mance's complaint alleges no facts that support actual malice. He quotes an email in which an AutoZone employee informs another AutoZone employee that Mr. Mance came into AutoZone while drunk, behaved aggressively, and threatened employees. (ECF 25 at 1). He then states that this email is false. (*Id.*) But he alleges no facts to support the conclusory assertion that the sender of the email acted with malice.[4] Nor does he allege any new facts beyond those included in his previous complaint. Thus, the Court reaches the same conclusion, for the same reasons, that it reached in its prior order. (*See* ECF 24). Mr. Mance has once more failed to allege facts sufficient to overcome the qualified privilege and therefore still fails to state a defamation claim. Thus, AutoZone's motion to dismiss is granted.

## III. MR. MANCE'S MOTION FOR SUMMARY JUDGMENT

Mr. Mance has also filed a motion for summary judgment. (ECF 34). He titles his motion a "Combined Cross-Motion for Summary Judgment and Reply in Opposition to Defendants' Motion to Dismiss," but as Mr. Mance already responded in opposition to

---

[3] Mr. Mance filed his response 10 days after the deadline to respond to AutoZone's motion. Nevertheless, mindful of the latitude afforded pro se litigants, the Court considers the merits of his response.

[4] The Court delves more deeply into the content and context of this email in its previous order. (*See* ECF 24).

AutoZone's motion to dismiss, and he has neither sought nor received leave to file a sur-reply, the Court takes this filing as a motion for summary judgment only.

Because AutoZone's motion to dismiss has been granted, Mr. Mance's motion for summary judgment is moot. But though the Court need not consider the substance of his motion, it notes several troubling themes in Mr. Mance's brief. First, Mr. Mance appears to be under the impression that dismissal under Rule 12(b)(6) is "a purely technical distraction" based on "minor pleading format or administrative mistakes" that AutoZone is taking advantage of "to avoid a resolution of this matter on its true merits." (ECF 34 at 1-2). Not so. A failure to state a claim is a substantive defect, not a clerical error or a procedural misstep. Thus, dismissal for failure to state a claim is, "of course, [a] merits determination[]." *Hain Celestial Group, Inc. v. Palmquist*, 607 U.S. 421, 436 (2026) (Thomas, J., concurring); *see also Taha v. Int'l Brotherhood of Teamsters, Local 781*, 947 F.3d 464, 472 (7th Cir. 2020) ("A dismissal under Rule 12(b)(6) is an adjudication on the merits."). The fact that Mr. Mance does not agree with the Court's decision does not make it any less of a merits determination.

Second, Mr. Mance seems to believe that his status as a pro se litigant grants him the right to "refile" duplicative cases "under a new docket number" until he gets the result he seeks. (ECF 34 at 2). This is also wrong. The Court will not entertain duplicate cases that unnecessarily consume judicial resources. "Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003). Any meritless, frivolous, or duplicative filings that serve only to

clog the processes of the Court and burden the judges and staff to the detriment of other litigants will not be considered. *See Support Sys. Int'l v. Mack*, 45 F.3d 185, 185 (7th Cir. 1995). If Mr. Mance continues to file lawsuits that duplicate other cases and do not comply with the Federal Rules of Civil Procedure, he may be subjected to filing restrictions or financial sanctions.

For these reasons, the Court **GRANTS** AutoZone's Motion to Dismiss for Failure to State a Claim, (ECF 26), and **DENIES** Mr. Mance's Motion to Vacate Order of Dismissal and Consolidate Amended Jurisdictional Dockets of Complaints, (ECF 28), and his Motion to Consolidate Cases, (ECF 30). Mr. Mance's Combined Cross-Motion for Summary Judgment and Reply in Opposition to Defendants' Motion to Dismiss, (ECF 34), is **DENIED AS MOOT.** Mr. Mance's amended complaint is **DISMISSED WITHOUT PREJUDICE.** Mr. Mance is **WARNED** that if he attempts to refile a complaint with the same defects as his last two complaints, it may be dismissed on the Court's own motion. The Clerk is **DIRECTED** to close this case.

SO ORDERED on August 13, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT